UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMAR ROGERS, ) | |
| ) | |
| Plaintiff, ) | Case No. |
| v. ) | |
| ) | Judge |
| CLIFFORD MARTIN #18859, ) | |
| GERALD JONES #15189, and ) | Magistrate Judge |
| KAMEISHA BURNS #19841, Individually, and ) | |
| the CITY OF CHICAGO, a Municipal ) | JURY DEMAND |
| Corporation, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT AT LAW

**NOW COMES** the Plaintiff, JAMAR ROGERS by and through his attorneys, Gregory E. Kulis & Associates, Ltd., and in support of their Complaint against the Defendants, CLIFFORD MARTIN, GERALD JONES, and KAMEISHA BURNS, individually, and the CITY OF CHICAGO, a municipal corporation, state as follows:

## COUNT I – FALSE ARREST/SEIZURE

1. This action is brought pursuant to the laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiff, JAMAR ROGERS accomplished by acts and/or omissions of the Defendants, CLIFFORD MARTIN, GERALD JONES, and KAMEISHA BURNS, individually, and the CITY OF CHICAGO, a municipal corporation, committed under color of law.

2. This Court has jurisdiction pursuant to 28 U.S.C. 1331 and 1343 as this matter involves issues of federal law.

3. The Plaintiff, JAMAR ROGERS, is a resident of the State of Illinois.

4. The Defendants, CLIFFORD MARTIN, GERALD JONES, and KAMEISHA BURNS, individually, were at all times relevant to the allegations of the Complaint, duly appointed Chicago Police officers and were acting within their scope of employment and under color of law.

5. On or about June 3, 2021, the Plaintiff, JAMAR ROGERS, was a passenger in a vehicle in the vicinity of 130th S Indiana Street in Chicago, Illinois.

6. The Defendants pulled over the driver for an alleged traffic offense with guns drawn.

7. Rather than just issue traffic tickets, the Defendants ordered the driver and the Plaintiff to exit the vehicle.

8. The Plaintiff questioned this action and stated there was no crime.

9. Plaintiff JAMAR ROGERS was not committing a crime or breaking any laws.

10. The Plaintiff felt he and the driver were being harassed.

11. One of the Defendants grabbed the Plaintiff and physically pulled him from the vehicle.

12. The Plaintiff was seized and handcuffed.

13. The Plaintiff was not free to go.

14. The Defendants, after a period of time, unhandcuffed the Plaintiff and told him to get his belongings and leave.

15. The Plaintiff attempted to get in the passenger door to get his belongings.

16. One of the Defendants jumped in the driver's seat of the subject vehicle and pulled away, smashing the Plaintiff's finger in the door.

17. There were no facts to support any probable cause that Plaintiff was committing any crime.

18. The Defendants' actions constituted an unlawful seizure and arrest.

19. The actions of the Defendants were intentional and wanton.

20. As a result of the Defendants' actions, the Plaintiff was wrongfully seized and handcuffed.

21. The actions of the Defendants constituted a violation of the Plaintiff JAMAR ROGERS's Fourth Amendment rights as protected by 42 U.S.C. § 1983.

22. As a result of the actions of the Defendants, the Plaintiff, JAMAR ROGERS suffered fear, anxiety, pain and suffering, emotional distress, and money damages.

WHEREFORE, the Plaintiff, JAMAR ROGERS prays for judgment in his favor and against the Defendants, CLIFFORD MARTIN, GERALD JONES, and KAMEISHA BURNS, individually, in an amount of fair and reasonable compensatory damages, punitive damages, attorneys' fees and costs.

## COUNT II – UNLAWFUL SEARCH

1-18. The Plaintiff hereby realleges and incorporates his allegations of paragraphs 1-18 of Count I as his respective allegations of paragraphs 1-18 of Count II as though fully set forth herein.

19. During the time he was handcuffed and in custody, one of the Defendants took Plaintiff's phone and attempted to erase the recording of the officers.

20. The Defendants did not have probable cause or a search warrant to search the Plaintiff's phone and delete anything.

21. The actions of the search constituted a violation of the Plaintiff's Fourth Amendment rights.

22. The actions of the Defendants were intentional and wanton.

3

23. The actions of the Defendants constituted a violation of the Plaintiff' Fourth Amended rights as protected by 42 U.S.C. § 1983.

24. As a result of the actions of the Defendants, CLIFFORD MARTIN, GERALD JONES, and KAMEISHA BURNS, the Plaintiff, JAMAR ROGERS suffered fear, anxiety, pain and suffering, emotional distress, and money damages.

WHEREFORE, the Plaintiff, JAMAR ROGERS prays for judgment in his favor and against the Defendants, CLIFFORD MARTIN, GERALD JONES, and KAMEISHA BURNS, individually, in an amount of fair and reasonable compensatory damages, punitive damages, attorneys' fees and costs.

## COUNT III – EXCESSIVE FORCE

1-16. Plaintiff hereby realleges and incorporates his allegations of paragraphs 1-16 of Count II as his respective allegations of paragraphs 1-16 of Count III as though fully set forth herein.

17. As a result of the actions of the Defendants, the Plaintiff's finger was smashed.

18. The Plaintiff was injured and sought medical care.

19. The actions of the Defendants were intentional, willful, and wanton.

20. The actions of the Defendants were excessive and unreasonable.

21. The actions of the defendants constituted a violation of his Fourth Amendment rights as protected by 42 U.S.C. § 1983.

22. As a result of the actions of the Defendants, the Plaintiff suffered fear, anxiety, pain, suffering, and monetary expense.

WHEREFORE, the Plaintiff, JAMAR ROGERS prays for judgment in his favor and against the Defendants, CLIFFORD MARTIN, GERALD JONES, and KAMEISHA BURNS,

individually, in an amount of fair and reasonable compensatory damages, punitive damages, attorneys' fees and costs.

## COUNT IV – CITY OF CHICAGO / INDEMNIFICATION

1-22. Plaintiff hereby realleges and incorporates his allegations of paragraphs 1-22 of Count III as his respective allegations of paragraph 1-22 of Count IV as though fully set forth herein.

23. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

24. Defendants, CLIFFORD MARTIN, GERALD JONES, and KAMEISHA BURNS are or were employees of the CITY OF CHICAGO and acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, should Defendants, CLIFFORD MARTIN, GERALD JONES, and KAMEISHA BURNS be found liable for the acts alleged above, the Defendant CITY OF CHICAGO would be liable to pay the Plaintiff any judgment obtained against said Defendants.

WHEREFORE, the Plaintiff, JAMAR ROGERS prays for judgment against the Defendant CITY OF CHICAGO for reasonable compensatory damages plus attorney's fees and costs.

## JURY DEMAND

The Plaintiff, JAMAR ROGERS hereby request a trial by jury.

Respectfully submitted,
JAMAR ROGERS

By: */s/ Gregory E. Kulis*
One of Plaintiff' Attorneys

Gregory E. Kulis (#6180966)
GREGORY E. KULIS & ASSOCIATES, LTD.
30 North LaSalle Street, Suite 2140
Chicago, Illinois 60602
p. (312) 580-1830 / f. (312) 580-1839
gkulis@kulislawltd.com
service@kulislawltd.com